UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| BURNIES MANUS, and other | ) | |
| Absentee Voters Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:05-cv-0057-JDT-WGH |
| | ) | |
| TOWN OF MARENGO ELECTION BOARD, | ) | |
| ROSCOE HOOTEN, Individually and in his | ) | |
| official capacity, | ) | |
| ROBERT POE, Individually and in his | ) | |
| official capacity, | ) | |
| and JASON CARROLL, Individually and in | ) | |
| his official capacity. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DENYING MOTIONS TO DISMISS (Docket Nos. 18 and 19)[1]**

Plaintiff Burnies Manus brings this action on behalf of herself and other absentee voters similarly situated, alleging that the Town of Marengo Election Board denied their right to vote and their right of equal protection under Section 23 of the Indiana Constitution and the Fourteenth Amendment of the United States Constitution.  On February 15, 2006, Defendants Town of Marengo Election Board, Roscoe Hooten, Robert Poe and Jason Carroll filed two motions to dismiss the claims asserted against them.  On March 9, 2006, Ms. Manus filed objections to both of the motions to dismiss.

---

[1]  This Entry is a matter of public record and will be made available on the court's web site.  However, the discussion contained herein is not sufficiently novel to justify commercial publication.

## I.    BACKGROUND

In her Complaint filed April 29, 2005, Ms. Manus alleges that the Defendants issued defective General Election Absentee Ballots for the November 4, 2003 election of Town of Marengo officials.  (Compl. ¶ 3.)  She asserts that the Defendants knew, or should have known, that the ballots were defective (in violation of Indiana Election Law), were confusing on their face and could not be counted once they were returned to the Town Election Board.  (Compl. ¶ 6.)  Ms. Manus states that she did not discover that her absentee ballot was defective and had been discarded by the Town Election Board until seven days after the November 4, 2003 election.  (Compl. ¶ 8.)  Based on these allegations, Ms. Manus asks the court to enjoin the Defendants from issuing absentee ballots in the future and to order them to follow Indiana Election Law Procedure for approval of absentee ballots in future elections.  Ms. Manus also seeks attorneys' fees.

On February 15, 2006, the Defendants filed two motions to dismiss the claims asserted against them.  They argue in their first motion that this court lacks subject matter jurisdiction over this action pursuant to Federal Rule of Civil Procedure 12(b)(1).  The Defendants specifically contend that this case involves no question of federal law and no diversity of citizenship.  They also suggest that because the case involves the Town Board Member election, the Crawford County Circuit Court should have exclusive jurisdiction over this matter.  The Defendants therefore ask the court to dismiss the Plaintiffs' complaint and transfer the matter to the Crawford County Circuit Court.

The Defendants argue in their second motion that they are entitled to governmental immunity under Indiana Code § 34-13-3-3 because they were at all times working as town government officials.  They argue, in the alternative, that even if they are not entitled to governmental immunity, the Plaintiffs failed to file notice of her claim against the Defendants with the Attorney General of Indiana, as required by Indiana Code § 34-13-3-6.

## II.    STANDARD OF REVIEW

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits.  See 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1356 (3d ed. 2004).  When considering such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff.  *Cole v. U.S. Capital*, 389 F.3d 719, 724 (7th Cir. 2004); *Hentosh v. Herman M. Finch Univ. of Health Sci.'s./Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999).  Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## III.    DISCUSSION

For the sake of efficiency, the court will address the issues raised in the Defendants' two motions to dismiss simultaneously.  With regard to the first motion to

3

dismiss on the basis of lack of federal jurisdiction, Ms. Manus agrees that this case does not involve any diversity of citizenship and that it involves the Town of Marengo's election for Town Board Members.  She disagrees, however, with the Defendants' contention that this case does not involve a question of federal law; therefore, she argues that this court has jurisdiction over the matter and the case should not be transferred to the Crawford County Circuit Court.  The court agrees with Ms. Manus.  As the Constitution sets forth, federal courts have jurisdiction over "all Cases, in Law and Equity, arising under this Constitution."  U.S. Const. art. III, § 2 cl. 1; *see also Bell v. Hood*, 327 U.S. 678, 681-82 (1946) (when a party "seek[s] recovery directly under the Constitution or law of the United States, the federal court . . . must entertain the suit.").

The United States Supreme Court has held that the right to vote is a fundamental right, *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886), and "any alleged infringement of the right of citizens to vote must be carefully and meticulously scrutinized."  *Reynolds v. Sims*, 377 U.S. 533, 562 (1964).  The Supreme Court, in its decision in *Reynolds*, further states that "[u]ndeniably, the Constitution of the United States protects the right of all qualified citizens to vote, *in state as well as federal elections*."  *Reynolds*, 377 U.S. at 554 (emphasis added).  Federal courts have often protected the right to vote in state elections, regardless of whether a state official is named as a defendant.  *United States v. Olinger*, 759 F.2d 1293, 1304 (7th Cir. 1985).

Other Supreme Court cases further support this court having jurisdiction over Ms. Manus' claims.  In *Baker v. Carr*, 369 U.S. 186 (1962), the Supreme Court held that a federal court had jurisdiction over an Equal Protection Clause challenge to a state's

4

system of apportioning legislative seats.  *See also Kramer v. Union Free School District*, 395 U.S. 621 (U.S. 1969), where the Supreme Court struck down a New York law that prevented registered voters from voting in a local school district election unless they owned or leased property in the school district or had children enrolled in the local public school.  Procedurally, the case began in the United States District Court for the Southern District of New York and the Supreme Court did not raise any objections to a federal court having jurisdiction over a local election.

While Ms. Manus' Complaint does not explicitly mention 42 U.S.C. § 1983,[2] this statute commonly serves as a vehicle for bringing Constitutional claims, such as those in her complaint.  It does not matter that Ms. Manus failed to explicitly mention § 1983 in her complaint, because the Seventh Circuit Court of Appeals has held that "[p]laintiffs need not plead facts; they need not plead law; they plead claims for relief.  Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of."  *Doe. v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).  And this court clearly has jurisdiction over any § 1983 claim because 28 U.S.C.

§ 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions

---

[2]     Every person who, under color of any statute, ordinance, regulation or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983.

arising under the Constitution, laws, or treaties of the United States."

It should be noted that federal courts are sometimes hesitant to intervene in local elections.  *Smith v. Cherry*, 489 F.2d 1098, 1100 (7th Cir. 1973).

> [T]o invoke the jurisdiction of the federal courts . . . the plaintiffs must allege more than the mere failure of state officials to follow state law. (Citation omitted).  In order to state a federal cause of action upon which relief could be granted, plaintiffs would have had to allege that the Election Board's actions violated some federally protected or constitutionally guaranteed right of the plaintiffs.

*Moore v. Kusper*, 465 F.2d 256, 258 (7th Cir. 1972).  Ms. Manus, however, sufficiently alleges violation of her fundamental right to vote and this is not a situation where state officials are alleged to have merely failed to follow state law.  Failure to follow Indiana election law is but one element of Ms. Manus' claims and she also alleges that the Defendants' mishandling of the absentee ballots impinged her constitutional rights.

The court fails to see how Ms. Manus' claims, which involve the disenfranchising of absentee voters and seeking relief under the Fourteenth Amendment and possibly 42 U.S.C. § 1983, do not present a question of federal law.  This court properly has jurisdiction over the claims.

In the second motion to dismiss, the Defendants claim they are entitled to governmental immunity under Indiana Code § 34-13-3-3, which extends immunity to governmental entities and employees for losses resulting from numerous actions, including "[t]he performance of a discretionary function."  Ind. Code § 34-13-3-3(7). Defendants' reliance on Indiana's governmental immunity statute, however, is

misplaced, because "[i]mmunity under § 1983 is a matter of federal law." *Payne v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998); *see also Howlett v. Rose*, 496 U.S. 356, 376 (1990) ("municipal defenses - including an assertion of sovereign immunity - to a federal right of action are, of course, controlled by federal law."). Because federal law applies instead of state law, Indiana's governmental immunity statute does not offer the Defendants any immunity in this case.

Finally, the Defendants assert that Ms. Manus failed to file notice of her claim against the Defendants with the Attorney General of Indiana as required by Indiana Code § 34-13-3-6 ("Except as provided in section 7 and 9 [Ind. Code § 34-13-3-7 and Ind. Code § 34-13-3-9] of this chapter, a claim against the state is barred unless notice is filed with the attorney general or the state agency involved within two hundred seventy (270) days after the loss occurs."). Because the Indiana Tort Claims Act is inapplicable in this case, it is immaterial whether Ms. Manus timely filed notice with the Attorney General of Indiana. Assuming arguendo that the statute was applicable, the Defendants' mere assertion is still insufficient for the court to dismiss the claims. Ms. Manus contends in her objection to motion to dismiss that she has filed notice with the Attorney General of Indiana. Because the standard of review for a motion to dismiss precludes an inquiry into the merits of the case and requires the court to accept as true all factual allegations in the complaint, the court finds that Ms. Manus' statement that she properly filed notice is sufficient at this stage of the pleadings to defeat the motion to dismiss.

The Defendants also seek attorneys' fees in conjunction with their motions.  It is with little hesitation that the court denies the Defendants' request for attorneys' fees. The applicable federal statute for attorneys' fees in a § 1983 claim is 42 U.S.C. § 1988(b).  This statute allows the court, in its discretion, to award the prevailing party reasonable attorneys' fees.  The Defendants, however, are not prevailing parties; therefore, they are not entitled to an award of attorneys' fees.

## IV.     CONCLUSION

For the reasons stated above, the court DENIES Defendants Motions to Dismiss (Docket Nos. 18 and 19).

ALL OF WHICH IS ENTERED this 25th day of April 2006.

_____

John Daniel Tinder, Judge
United States District Court

Copies to:

Marcus M. Burgher III
Luckett Burgher & Burgher
210 E Chestnut St
Corydon, IN 47112

Gordon D. Ingle
Ingle Fink & Hayse
gdilaw@yahoo.com